United States District Court
Southern District of Texas
**ENTERED**
February 22, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLLINS O. NYABWA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3792 |
| | § | |
| CORRECTIONS CORPORATION OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Former state inmate and immigration detainee Collins O. Nyabwa has filed a 42 U.S.C. § 1983 Complaint and Brief in Support Thereof ("Complaint") (Docket Entry No. 1), alleging that he was wrongly imprisoned by the Corrections Corporation of America ("CCA"). Because Nyabwa proceeds *in forma pauperis*, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this action should be dismissed for the reasons explained below.

### I. Background

Nyabwa was charged in state court with three counts of "improper photography" in violation of § 21.15(b)(1) of the Texas

Penal Code.¹  At the time of those charges, the Texas improper photography statute made it a criminal offense to photograph, record, or broadcast by video "a visual image of another at a location that is not a bathroom or private dressing room: (A) without the other person's consent; and (B) with intent to arouse or gratify the sexual desire of any person." Tex. Penal Code § 21.15(b)(1) (West 2011).

Nyabwa challenged the constitutionality of the Texas improper photography statute by filing a pretrial writ of habeas corpus, which the trial court denied.  That decision was affirmed by the state court of appeals, which concluded that the statute was not unconstitutional.  See Ex parte Nyabwa, 366 S.W.3d 719 (Tex. App. – Houston [14th Dist.] 2011).  The Texas Court of Criminal Appeals refused Nyabwa's petition for discretionary review from that decision.  See Ex parte Nyabwa, 366 S.W.3d 710 (Tex. Crim. App. 2012).

On July 29, 2011, Nyabwa entered a guilty plea to the improper photography charges against him and received a one-year prison sentence.²  He did not pursue an appeal from the conviction.³

---

¹See Petition for a Writ of Habeas Corpus by a Person in State Custody ("Habeas Petition"), Docket Entry No. 1, p. 2, in Civil No. H-12-1152 (S.D. Tex.).

²Id. at 2-3.

³Id.

In July of 2012 Nyabwa discharged the one-year sentence that he received as the result of his improper photography conviction.[4] A Kenyan national, Nyabwa was transferred from state prison into the custody of immigration officials, who instituted removal proceedings against him.[5] Nyabwa was confined by the CCA at the Houston Processing Center in Houston, Texas, from July of 2012 through November of 2013, when an immigration judge terminated the proceedings against him.[6]

On September 17, 2014, the Texas Court of Criminal Appeals found the Texas improper photography statute unconstitutional. See Ex parte Thompson, 442 S.W.3d 325 (Tex. Crim. App. 2014). On August 23, 2016, Nyabwa's improper photography conviction was vacated on federal habeas corpus review. See Nyabwa v. Davis, Civil No. H-12-1152 (S.D. Tex.) (Docket Entry Nos. 95, 96).

Noting that the Texas improper photography statute was declared unconstitutional and that his conviction was set aside, Nyabwa now argues that he was falsely imprisoned by the CCA from July of 2012 to November of 2013.[7] Invoking 42 U.S.C. § 1983, Nyabwa seeks $5 million in damages and a declaration that CCA wrongfully imprisoned "an 'actually innocent' man."[8]

---

[4]Complaint, Docket Entry No. 1, p. 2.

[5]Id.

[6]Id.

[7]Id.

[8]Id. at 3.

## II. Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate first, a violation of the Constitution or of federal law; and second, that the violation was committed by someone acting under color of state law. See Atteberry v. Nocona Gen. Hosp., 430 F.3d 245, 252-53 (5th Cir. 2005). Nyabwa cannot make this showing. As a private corporation operating a prison under contract with the federal government, CCA was not acting under color of state law for purposes of liability under § 1983. See Bishawi v. Northeast Ohio Correctional Ctr., 628 F. App'x 339, 342 (6th Cir. 2014) (rejecting a § 1983 claim against CCA); Sarro v. Cornell Corrections, Inc., 248 F. Supp. 2d 52, 64 (D.R.I. 2003) (rejecting § 1983 claims against a privately operated prison under contract to house federal pretrial detainees). Accordingly, Nyabwa cannot state a claim for relief against CCA under § 1983.

More importantly, Nyabwa's underlying claim has no merit for reasons articulated previously by other courts in this district, which have rejected his claims of false imprisonment. Nyabwa has already attempted unsuccessfully in two separate cases to raise claims of false imprisonment against CCA and its personnel under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 91 S. Ct. 1999 (1971). In dismissing these cases, the district court held that Nyabwa could not establish a claim of false imprisonment because the conviction which formed the basis for his detention by CCA was not invalidated until 2016, years after his

release from custody in 2013.  See <u>Nyabwa v. CCA</u>, Civil No. H-16-1644 (S.D. Tex. Feb. 1, 2017) (Docket Entry No. 23, pp. 6-9); <u>Nyabwa v. Unknown Jailers at CCA</u>, Civil No. H-16-782 (S.D. Tex. Jan. 24, 2017) (Docket Entry No. 31, pp. 5-7); see also <u>Nyabwa v. Warden, Pam Lychner State Jail</u>, Civil No. H-16-1643 (S.D. Tex. June 30, 2016) (Docket Entry No. 5, pp. 3-4) (concluding that Nyabwa failed to articulate a claim of false imprisonment under state law or the Fourteenth Amendment); <u>Nyabwa v. United States</u>, No. 1:16-1056, 2017 WL 80076, at *7 (Ct. Fed. Cl. Jan. 6, 2017) (noting that Nyabwa's detention by immigration officials was not improper because it was based on his criminal conviction, which was not vacated until 2016, well after he was released from custody).

The court need not repeat at length the legal analysis on which these prior rulings are based.  It is sufficient to note that "[t]he essential elements of false imprisonment are:  (1) willful detention; (2) without consent; and (3) without authority of law." <u>Randall's Food Markets, Inc. v. Johnson</u>, 891 S.W.2d 640, 644 (Tex. 1995) (quoting <u>Sears, Roebuck & Co. v. Castillo</u>, 693 S.W.2d 374, 375 (Tex. 1985)).  "If an arrest or detention is executed under process which is legally sufficient in form and duly issued by a court of competent jurisdiction, an action for false imprisonment will not lie." <u>James v. Brown</u>, 637 S.W.2d 914, 918 (Tex. 1982); <u>accord</u> <u>Pete v. Metcalfe</u>, 8 F.3d 214, 218-19 (5th Cir. 1993) (rejecting a false imprisonment claim against prison officials where the plaintiff's imprisonment "was the result of a judgment of

conviction by a court with jurisdiction over him"). Because Nyabwa's conviction for improper photography was not vacated until 2016, he cannot show that the one-year sentence of imprisonment that he received in 2011 or his subsequent detention by CCA from July of 2012 through November of 2013 was without authority of law; and he cannot otherwise establish a claim for false imprisonment against the officials who held him in custody pursuant to the conviction. See James, 637 S.W.2d at 918; see also United States ex rel. Bailey v. Askew, 486 F.2d 134, 135 (5th Cir. 1973) (per curiam) (noting that "a jailer cannot be held liable for an error in an order of commitment which is patently proper") (citation omitted); Contreras v. Schiltgen, 122 F.3d 30, 33 (9th Cir. 1997) (observing that immigration officials are "entitled to rely on the conviction as a basis for custody and eventual deportation" until the conviction is "successfully overturned") (citation omitted).

For all of the foregoing reasons, the Complaint must be dismissed as legally frivolous because the allegations are meritless and have no arguable basis in law. See Henthorn v. Swinson, 955 F.2d 351, 352 (5th Cir. 1992) (A complaint filed in forma pauperis may be dismissed sua sponte as frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success.") (citation omitted). To the extent that Nyabwa repeats allegations in this case that were raised by him previously in another case that he filed against CCA, the

Complaint is also malicious. See Pittman v. Moore, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam).

Court records reflect that Nyabwa has filed at least six unsuccessful civil actions in the federal courts stemming from his conviction for improper photography and his allegations of false imprisonment: Nyabwa v. Keller, Civil No. 1:15-0735 (W.D. Tex. Dec. 30, 2015); Nyabwa v. Unknown Jailers at CCA, Civil No. H-16-0782 (S.D. Tex. Jan. 27, 2017); Nyabwa v. Warden, Pam Lychner State Jail, Civil No. H-16-0786 (S.D. Tex. May 23, 2016); Nyabwa v. United States, No. 1:16-1056 (Ct. Fed. Cl. Jan. 12, 2017); Nyabwa v. Warden, Pam Lychner State Jail, Civil No. H-16-1643 (S.D. Tex. June 30, 2016); Nyabwa v. CCA, Civil No. H-16-1644 (S.D. Tex. Feb. 1, 2017). Several similar actions remain pending: Nyabwa v. United States, Civil No. H-16-0783 (S.D. Tex.); Nyabwa v. Warden, Pam Lychner State Jail, Civil No. H-16-2638 (S.D. Tex.); Nyabwa v. Harris County Sheriff, Civil No. H-17-0028 (S.D. Tex.). Nyabwa is warned that he will face sanctions, including monetary penalties, if he continues to abuse judicial resources by filing repetitive, meritless cases in the federal courts.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The 42 U.S.C. § 1983 Complaint filed by Collins O. Nyabwa (Docket Entry No. 1) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and malicious.

2.  Nyabwa is **WARNED** that he will face sanctions, including monetary penalties, if he continues to abuse judicial resources by filing repetitive, meritless cases in the federal courts.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.**

**SIGNED** at Houston, Texas, on this 21st day of February, 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE